Peter B. Fredman (Cal. State Bar No. 189097)
**LAW OFFICE OF PETER FREDMAN PC**
125 University Ave, Suite 102
Berkeley, CA 94710
Telephone: (510) 868-2626
Facsimile:  (510) 868-2627
peter@peterfredmanlaw.com

Tiffany R. Norman (Cal. State Bar No. 239873)
**TRN LAW ASSOCIATES**
654 Sacramento Street, Second Floor
San Francisco, CA 94111
Telephone: (415) 823-4566
Facsimile: (415) 762-5490
tiffany@trnlaw.com

Attorney for Plaintiff GLENN PACHEO,
for himself and persons similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN PACHEO, individually, and on behalf of others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>JPMORGAN CHASE BANK, N.A. d/b/a CHASE, a National Banking Association,<br><br>        Defendant.<br>_____ | Case No.<br><br>**CLASS ACTION**<br><br>COMPLAINT<br>(1) DECLARATORY RELIEF<br>(2) ROSENTHAL FAIR DEBT<br>COLLECTIONS PRACTICES ACT<br>(4) UNFAIR COMPETITION LAW<br><br>**JURY TRIAL DEMANDED** |

      Plaintiff GLENN PACHEO, by and through his attorneys, brings this action on behalf of

himself and all others similarly situated against the above named defendant, demands a trial by

jury on all claims so triable, and alleges on information and belief as follows:

**INTRODUCTION**

1.     This class action addresses defendant bank's practice and policy of routinely continuing to collect on former junior mortgage debts that are not legally enforceable because it foreclosed on senior mortgage debts on the same property.

2.     Under section 580d of the California Civil Code ("section 580d"), a lender who owns or controls both senior and junior mortgages on a single property may not legally enforce the "sold-out" junior mortgage debt after it forecloses the senior mortgage on the same property. *See Simon v. Superior Court,* 4 Cal. App. 4th 63, 72 (1992) ("*Simon*").

3.     Defendant's policy of routinely seeking to collect on such debts violates section 580d. Defendant's collection practices and correspondence are unlawful because they mislead debtors into believing that these "sold-out" junior mortgage debts are legally enforceable when, in truth, the debtors have no legal obligation to pay them. Defendant's policies and practices are also unlawful because, on information and belief, defendant fails to report to credit agencies the true non-recourse nature of these debts.

4.     Plaintiff was a victim of these unlawful policies and practice with respect to his former-property located at 2471 South Manila Avenue, Fresno, CA 93727 (the "property"). Specifically, the defendant foreclosed on the first mortgage of the property but continued (and continues) to demand routine re-payment on the second mortgage debt without disclosing (or admitting) that the debt was not (and is not) legally enforceable. To the contrary, following the foreclosure of the property, the defendant affirmatively represented that the plaintiff was required to pay the debt and that the debt remained legally enforceable notwithstanding the foreclosure. As a result, the plaintiff made thousands of dollars in monthly payments to avoid legal enforcement of a debt that was not legally enforceable in the first instance.

**PARTIES**

5.     Plaintiff GLENN PACHEO ("Plaintiff") is a resident of Petaluma, Sonoma County, California.

6.     Defendant JPMORGAN CHASE BANK, N.A. ("Chase") is a National Banking Association doing business throughout California.

**JURISDICTION AND VENUE**

7.      This Court has jurisdiction pursuant to the provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d) *et seq.* ("CAFA").

8.      Venue is proper in this Court because Chase's unlawful conduct occurred and its liability to Plaintiff arose within the jurisdictional region of this Court, where Chase does substantial business.

**FACTS**

9.      About June 18, 2004, Washington Mutual Bank or a related entity (hereafter "WAMU") lent Plaintiff $144,000 secured by a promissory note and senior deed of trust on the property (the "first mortgage").

10.      About January 17, 2006, WAMU lent Plaintiff $80,000 secured by a promissory note and junior deed of trust on the same property (the "second mortgage").

11.      About September 25, 2008, the Federal Deposit Insurance Corporation ("FDIC") was appointed the receiver for WAMU, and subsequently transferred substantially all WAMU's assets and liabilities to Chase, including all of WAMU's rights and obligations under both mortgages on the property.  Thereafter, Chase controlled and serviced both mortgages.

12.      Plaintiff alleges on information and belief that Chase paid just a fraction of the face value for the second mortgage debts of Plaintiff and persons similarly situated because they were known to be unsecured or under-secured debts and subject to California anti-deficiency protections.

13.      About January 2011, Chase caused the non-judicial foreclosure of the deed of trust that secured the first mortgage loan on the property, thereby extinguishing all junior liens on the property, including the deed of trust associated with the second mortgage.

14.      On information and belief, Chase or a related entity purchased the property at the trustee's sale using the credit from the first mortgage debt, then eventually marketed and sold the property to a third party in "REO" transaction.

Class Action Complaint
Pacheo vs. JPMorgan Chase Bank

15.     Under section 580d, Chase's foreclosure of the first mortgage on the property rendered the second mortgage debt <u>not</u> legally enforceable. *See Simon,* 4 Cal. App. 4th at 72; *cf. Roseleaf Corp. v. Chierighino*, 59 Cal. 2d 35 (1963).

16.     Nevertheless, Chase continued routine collections of Plaintiff's former second mortgage debt without disclosing that the debt was not legally enforceable. On the contrary, Chase sent Plaintiff monthly statements demanding the "Minimum Payment Amount" by the "Minimum Payment Due" date and stating that "it's important that you make your monthly payments by your scheduled due date." *See e.g.* <u>Exhibit A</u>.

17.     Moreover, when Plaintiff inquired as to why Chase was continuing to seek payment of the former second mortgage debt after the foreclosing on the property, Chase advised that he was still required to pay the debt because it was a separate mortgage. Chase further threatened, among other things, that his wages could be garnished if he failed to pay the second mortgage debt.

18.     On July 15, 2015, by way of further example, Chase sent Plaintiff a "courtesy reminder" regarding the repayment period for the second mortgage that included a list of options, but failed to disclose that he had the option of not paying the debt because it was not legally enforceable. *See* <u>Exhibit B</u>.

19.     As a result of Chase's alleged unlawful policies, practices, and conduct, Plaintiff made payments to Chase from January 2011 through November 2015. The amounts varied slightly due to adjustments in the interest rate, but were in the range of $271.78/mo. (e.g., interest-only payments at 4%).  All totaled, Plaintiff thus paid Chase approximately $16,000 that he would not have paid but for Chase's alleged unlawful policies, practices, and conduct regarding the nature of the debt. The precise amount paid by Plaintiff and persons similarly situated is readily calculated based on Chase's servicing records.

## CLASS ALLEGATIONS

20.     This class action is brought pursuant to Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure by the individual named Plaintiff on behalf of himself and the following classes:

4

Class Action Complaint
Pacheo vs. JPMorgan Chase Bank

**Declaratory Relief Class**

All current Chase debt account holders of record on debts that originated as junior lien mortgage debt on California real property where Chase foreclosed on the senior mortgage debt secured by the same real property (the "Declaratory Relief Class").

**Rosenthal Class**

All persons who received correspondence from Chase seeking payment for debt that originated as junior lien mortgage debt on California real property after Chase foreclosed on senior mortgage debt secured by the same real property where the correspondence failed to disclose that the debt was not legally enforceable. (the "Rosenthal Act Class").

**UCL  Class**

All persons who paid money to Chase towards debts that originated as junior lien mortgage debt on California real property after Chase foreclosed on senior mortgage debt secured by the same real property (the "Restitution Class").

21.     Plaintiff does not know the exact size or identities of the proposed classes because that information is in the control of Chase.  Plaintiff alleges on information and belief that the classes encompass thousands of members, whose identities are readily ascertainable based on Chase's servicing records.

22.     Common questions of fact and law predominate over any questions affecting only individual members because all putative class members are subject to the same California law, were subject to the same policies and practices by Chase, and received the same or similar form statements and collections correspondence from Chase.

23.      Plaintiff's claims are typical of the claims of the class members, and Plaintiff does not have any conflicts with the interests of any other class members.

24.     Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff is committed to the vigorous prosecution of the class claims and has retained attorneys

who are qualified to pursue this litigation and have experience in class action and consumer mortgage matters such as this.

25.     A class action is superior to other methods for the fast and efficient adjudication of this controversy and to avoid the risk of disparate and inconsistent rulings throughout the state.  The amounts of money at stake for the individual class members are too small to justify and support litigation of this sort on an individual basis.

### 1ST CLAIM FOR RELIEF
### Declaratory Relief

26.     The preceding paragraphs are incorporated by reference.

27.     A clear and present controversy exists between Plaintiff and persons similarly situated, on the one hand, and Chase, on the other hand, with respect to the nature of debts purportedly owed to Chase that originated and existed as junior lien mortgage debt on California real property at the time when Chase foreclosed on the senior mortgage debt secured by the same real property (hereafter, the "subject debt").

28.     Specifically, Chase contends (a) that the subject debt is legally enforceable, (b) that Chase has the right to pursue routine collections practices with respect to such debt, (c) that Chase may seek to collect such debt without disclosing to the debtors that it is not legally enforceable, (d) that Chase may sell or transfer such debt to third party debt collectors without disclosing that such debt is not legally enforceable, (e) that Chase may report the non-payment of such debt to the credit agencies without also reporting that such debt is not legally enforceable, (f) and so forth.

29.     Plaintiff, on the other hand, contends (a) that the subject debt is <u>not</u> legally enforceable, (b) that Chase <u>does not</u> have the right to pursue routine collections practices with respect to such debt, (c) that Chase may <u>not</u> seek to collect such debt without disclosing to the debtors that it is not legally enforceable, (d) that Chase may <u>not</u> sell or transfer such debt to third party debt collectors without disclosing that such debt is not legally enforceable, (e) that Chase may <u>not</u> report the non-payment of such debt to the credit agencies without also reporting that such debt is not legally enforceable, (f) and so forth.

Class Action Complaint
Pacheo vs. JPMorgan Chase Bank

WHEREFORE, Plaintiff prays for judgment and relief as set forth below.

## 2ND CLAIM FOR RELIEF
### Rosenthal Act

30.     The preceding paragraphs are incorporated by reference.

31.     Chase is a "debt collector" engaging in "debt collection" practices within the meaning of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* (the "Rosenthal Act"). *See* Cal. Civ. Code § 1788.2(c).

32.     Chase violated the Rosenthal Act by using false, deceptive, or misleading representation or means in connection with the collection Plaintiff's mortgage debt as alleged herein. *See* Cal. Civ. Code § 1788.17, *incorporating* 15 U.S.C. § 1692e; *see also Rahoi v. JPMorgan Chase Bank,* N.A., 2013 U.S. Dist. LEXIS 83571, 65-66 (N.D. Cal. June 12, 2013); *Herrera v. LCS Fin. Servs. Corp.,* 2009 U.S. Dist. LEXIS 122775, 20 (N.D. Cal. Dec. 22, 2009). Specifically, Chase misrepresented the legal status of the subject debt in violation of the Rosenthal Act because unsophisticated debtors who received Chase's collections correspondence and communications would have been led to believe that the subject debts were legally enforceable.

33.     Plaintiff and persons similarly situated are entitled to (a) actual damages within the meaning of the Rosenthal Act in the amount of the payments they made to Chase in response to the unlawful communications and correspondence and (b) statutory damages as allowed by the Rosenthal Act. *See* Cal. Civ. Code § 1788.17, *incorporating* 15 U.S. Code § 1692k (a).

WHEREFORE, Plaintiff prays for judgment and relief as set forth below.

## 3RD CLAIM FOR RELIEF
### Unfair Competition Law

34.     The preceding paragraphs are incorporated by reference.

35.     California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* (the "UCL"), defines unfair competition to include any "unlawful, unfair, or fraudulent" business act or practice.

7

_____
Class Action Complaint
Pacheo vs. JPMorgan Chase Bank

36.     Chase engaged in "unlawful" business practices under the UCL based on the violations of the Rosenthal Act alleged above.

37.     Chase engaged in "unfair" business practices under the UCL because its aforementioned practices, policies, and conduct contravened the legislative intent of section 580d to free borrowers from such mortgage debt obligations upon the loss of the associated property to foreclosure. *See Simon.*

38.     Chase engaged in "fraudulent" business practices under the UCL because Plaintiff and persons similarly situated were likely to be misled by on Chase's policies, practices, and communications into believing that the subject debts were legally enforceable when they were not. The fact that the subject debts are not legally enforceable is "material" to Plaintiff and persons similarly situated with respect to their decision on whether or not to pay the debt. *See In re Tobacco II Cases* (2009) 46 Cal.4th 298, 325.

39.     Plaintiff and persons similarly situated were injured in fact and lost money and property as a result of Chase's violations of the UCL as alleged herein.

WHEREFORE, Plaintiff prays for judgment and relief as set forth below.

### <u>DEMAND FOR JURY TRIAL</u>

40.     Plaintiff requests a jury trial on all claims so triable.

### <u>FOR RELIEF</u>

WHEREFORE, Plaintiff prays for relief and judgment as follows:

A.     An order certifying the proposed classes, appointing the named Plaintiff as the representative of the classes, and appointing the law firms representing the named Plaintiff as counsel for the classes.

B.     A declarations that (a) that the subject debt is <u>not</u> legally enforceable, (b) that Chase <u>does not</u> have the right to pursue routine collections practices with respect to such debt, (c) that Chase may <u>not</u> seek to collect such debt without disclosing to the debtors that it is not legally enforceable, (d) that Chase may <u>not</u> sell or transfer such debt to third party debt collectors without disclosing that such debt is not legally enforceable, (e) that Chase may <u>not</u>

Class Action Complaint
Pacheo vs. JPMorgan Chase Bank

report the non-payment of such debt to the credit agencies without also reporting that such debt is not legally enforceable, (f) and so forth.

C. An award of monetary damages and/or restitution in the amount of all payments made by the class members to Chase towards these debts.

D. Statutory damages as allowed by the Rosenthal Act.

E. Punitive damages according to proof.

F. Attorneys' fees, costs, and expenses.

G. And such other and further relief as the Court may deem proper.

DATE:  December 11, 2015                    LAW OFFICE OF PETER FREDMAN PC


By: /s/ Peter Fredman
PETER FREDMAN,
Attorney for Plaintiff

Class Action Complaint
Pacheo vs. JPMorgan Chase Bank