United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN PACHECO,<br>　　　　Plaintiff,<br>　　v.<br>JPMORGAN CHASE BANK, N.A,<br>　　　　Defendant. | Case No. 3:15-cv-05689-JD<br><br>**ORDER RE PRELIMINARY APPROVAL**<br>Re: Dkt. No. 56 |

Plaintiff Glenn Pacheco, on behalf of himself and a putative class, filed this case alleging unlawful mortgage debt collections claims against defendant JPMorgan Chase Bank, N.A. ("Chase"). The parties reached a proposed settlement, and Pacheco now seeks preliminary approval. The Court grants preliminary approval and certifies the proposed class for settlement purposes.

**BACKGROUND**

The proposed class is a group of California borrowers who (1) made payments to Chase on a junior mortgage following Chase's non-judicial foreclosure of the senior mortgage on the same property, but (2) are not covered by a recent state court class settlement of similar claims. Dkt. No. 56 at 1; *see also Banks v. JPMorgan Chase Bank, N.A.*, Alameda County Superior Court Case No. RG12614875. The complaint alleges that Chase collected the challenged mortgage payments in violation of Section 580d of the California Code of Civil Procedure and consequently violated California's Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code §§ 1788 *et seq.*, as well as California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* Dkt. No. 1.

The parties engaged in formal discovery, including written and data discovery as well as depositions. Dkt. No. 57 ¶ 8. They participated in a series of settlement conferences before

Magistrate Judge Jacqueline Scott Corley, and reached a tentative settlement. Dkt. Nos. 44-45, 48-49. After the settlement was finalized, Pacheco filed an unopposed motion for preliminary approval of the settlement agreement. Dkt. No. 56.

**DISCUSSION**

**I.  THE PROPOSED SETTLEMENT**

Under the proposed settlement agreement, Chase will pay $1,500,000 into a non-reversionary settlement fund that will fund payment to class members, the costs of notice and settlement administration, any Court-approved service awards, attorneys' fees, costs, and expenses. Dkt. No. 57-1 at 8-9. The gross settlement fund exceeds 100% of the potentially recoverable payments made by the settlement class to Chase, and none of it will ever revert to Chase. Dkt. No. 56 at 1; Dkt. No. 57-1 at 14. The settlement fund will be apportioned *pro rata* based upon the amount each settlement class member paid to Chase in connection with the allegedly unlawful mortgage collections. Dkt. No. 57-1 at 12. On average, class members are expected to receive approximately $3,576. Dkt. No. 56 at 1.

Class members will automatically be mailed a check for their *pro rata* share of the settlement fund without filing a claim. Dkt. No. 57-1 at 13. The administrator will mail checks within 30 days of the effective date. *Id.* Any checks that remain uncashed after 90 days will be voided, and their amounts will be allocated toward a second distribution, provided that at least $30,000 remains in the settlement fund. *Id.* at 14. Any funds that remain after any second distribution will be distributed to a *cy pres* recipient, subject to Court approval. *Id.*

The Court appoints Garden City Group, LLC to administer the settlement at a maximum cost of $5,000. Dkt. No. 57 ¶ 5. The administrator will send direct notice, by mail, to class members. Dkt. No. 57-1 at 10-11. The notice will advise class members of the nature of the settlement, how the settlement fund will be distributed, and who to contact with questions about the settlement. Dkt. No. 57-2. It will also refer class members to the settlement website, which will make available the class settlement, the class notice, and other relevant documents. *Id.*; *see also* Dkt. No. 57-1 at 11.

In exchange for this consideration, class members who do not opt out will release Chase and other related entities from "any and all rights, duties, obligations, claims, actions, causes of action or liabilities, including but not limited to claims for violations of the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* ('Rosenthal Act'), the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ('UCL'), and Cal. Civ. Proc. Code §§ 580b and 580d, whether arising under local, state or federal law, whether by Constitution, statute, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory as of the date of the Final Approval Order, that were alleged or could have been alleged in the Action." Dkt. No. 57-1 at 15-16.

## II. FAIRNESS OF THE SETTLEMENT

When the parties reach a proposed settlement prior to class certification, the Court reviews the propriety of the certification and the fairness of the settlement. *Sarkisov v. StoneMor Partners L.P.*, No. 13-cv-04834-JD, 2015 WL 1249169, at *2 (N.D. Cal. Mar. 18, 2015). Rule 23(e) directs the Court to examine the proposed settlement and make a preliminary finding of fairness. A class action settlement may be approved only if the Court finds that it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The parties bear the burden of showing that the proposed settlement is fair. *Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). There is a higher standard of fairness when settlement occurs before formal class certification, because "'the dangers of collusion between class counsel and the defendant, as well as the need for additional protections when the settlement is not negotiated by a court-designated class representative, weigh in favor of a more probing inquiry than may normally be required under Rule 23(e).'" *Sarkisov*, 2015 WL 1249169, at * 2 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)). Still, there is a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

The primary consideration in evaluating a class settlement agreement is "the protection of those class members, including the named plaintiffs, whose rights may not have been given due regard by the negotiating parties." *Officers for Justice*, 688 F.2d at 624. To realize this goal, the Court will give preliminary approval of a class settlement and notice only when the proposed settlement (1) appears to be the product of serious, informed, noncollusive negotiations, (2) has no obvious deficiencies, (3) does not improperly grant preferential treatment to class representatives or segments of the class, and (4) falls with the range of possible approval. *See Stokes v. Interline Brands, Inc.*, No. 12-cv-05527-JD, 2014 WL 5826335, at *3 (N.D. Cal. Nov. 10, 2014) (citation omitted).

The proposed settlement meets these requirements. The settlement was reached after lengthy negotiations between the parties and followed significant discovery. Any unused settlement funds do not revert back to the defendant, and each class member will receive a check without having to file a claim. The Court sees neither any intra-class conflicts nor any other obvious deficiencies with the settlement. The Court finds that the agreement is well within the range of settlements that are fair, reasonable, adequate, and protect the interests of the class. Fed. R. Civ. P. 23(e)(2). Consequently, the proposed settlement is preliminarily approved.

## III. CLASS CERTIFICATION

Pacheco requests that the Court conditionally certify this proposed class for settlement purposes only: "California borrowers who: (1) on or after December 12, 2011, made payments to Chase on a junior mortgage following Chase's nonjudicial foreclosure of a senior mortgage secured by the same property; and (2) are not members of the *Banks* settlement class." Dkt. No. 56 at 8-9.[1] In certifying a class for settlement purposes, review of the proposed class is "of vital importance," as the Court lacks the opportunity to make adjustments to the class, as it ordinarily would when a case is fully litigated. *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

---

[1] Excluded from the settlement class are (a) the Judge to whom the Action is assigned and any member of the Judge's staff and immediate family members, (b) any person who is not a borrower on any of the 309 loans that Chase identified in connection with discovery in this case, and (c) all persons who validly request exclusion from the settlement class. Dkt. No. 56 at 8-9.

4

The proposed class settlement must satisfy the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) to be certified. Rule 23(a) provides that a class action is available only where: (1) the class is so numerous that joinder is impracticable; (2) common question of law or fact exist; (3) the claims or defenses of the representative parties are typical of the class; and (4) the representative parties will fairly and adequately protect the class interests. Additionally, Rule 23(b)(3) requires the Court to find that common questions of law or fact predominate over the questions of individual class members and that a class action is the superior method for fair and efficient adjudication.

The Court finds that the requirements of Rule 23(a) are met. The numerosity requirement is met because there appear to be approximately 300 class members. Dkt. No. 56 at 13. The commonality requirement is met because resolution of the claims at issue would turn on common questions of law and fact about the class members' mortgage payments to Chase. *Id.* at 14. The typicality requirement is met because Pacheco, like other class members, made a payment to Chase on a junior mortgage following Chase's non-judicial foreclosure of a senior mortgage on the same property. *Id.* at 14-15. The adequacy requirement is met because there is no indication of any conflicts of interest between the putative class representative and the absent class members, and because plaintiff's counsel appear to be well-qualified to serve as class counsel. For the same reason, the Court appoints the named plaintiff as the class representative and finds that plaintiff's counsel is adequate under Rule 23(g)(1) and (4) and appoints plaintiff's counsel as class counsel.

The Court also finds that the requirements of Rule 23(b)(3) are met. Common questions of law and fact predominate over any questions affecting only individual class members because the primary issue in the case, which cuts across each class member's claims, is whether Chase collected mortgage payments in violation of Section 580d of the California Code of Civil Procedure and consequently violated California's Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code §§ 1788 *et seq.*, as well as California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq. See generally* Dkt. No. 1. The superiority requirement is also met because it is likely that "recovery on an individual basis would be dwarfed by the cost of litigating on an

1 individual basis." *Wolin v. Jaguar Land Rover North Am.,* LLC, 617 F.3d 1168, 1175 (9th Cir. 2010).

## IV. CLASS NOTICE

The class notice was approved by prior Court order. Dkt. No. 62. The notice uses language that is concise and easy to understand, and complies with Rule 23(c)(2). Dkt. No. 57-2. It clearly explains how to opt out of the settlement, and states that class members will stay in the lawsuit and receive a check upon final approval of the settlement if they do not opt out. *Id*. Additionally, the plan for directing notice meets all of the requirements of notice to Rule 23(b)(3) class members. Dkt. No. 57-1 at 10-11.

## CONCLUSION

The settlement is preliminarily approved. The deadline to mail the notice and to establish the notice website is **September 8, 2017**. The opt-out and exclusion deadline is **October 20, 2017**. Plaintiffs are directed to file their motion for final approval, as well as any motion for attorneys' fees and costs and service awards, by **December 22, 2017**. Any objections must be filed by **January 26, 2018**. The final approval hearing is continued to **February 8, 2018.** The Court will decide at the final approval stage any attorneys' fees request and whether the named plaintiff will receive an incentive payment for service as the class representative, a practice that the Court has some concerns about, as stated in prior class settlement orders.

**IT IS SO ORDERED.**

Dated: August 4, 2017

JAMES DONATO
United States District Judge