UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN PACHECO,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A,<br><br>Defendant. | Case No. 3:15-cv-05689-JD<br><br>**ORDER RE FINAL APPROVAL, ATTORNEYS' FEES, AND COSTS**<br><br>Re: Dkt. No. 67 |

This order resolves plaintiffs' unopposed motion for final approval of a class action settlement and attorneys' fees and costs. Dkt. No. 67. The Court granted preliminary approval of the proposed settlement on August 4, 2017. Dkt. No. 63. As indicated at the final approval hearing, final approval of the class action settlement is granted and the requested attorneys' fees and costs are awarded. Dkt. No. 72.

The key facts are presented in the Court's preliminary approval order. Dkt. No. 63. To summarize, the proposed settlement class is a group of California borrowers who paid Chase on a junior mortgage following non-judicial foreclosure of the senior mortgage on the same property, and who are not covered by a recent state court class settlement of similar claims. *Id.* at 1. The borrowers allege that Chase collected mortgage payments in violation of Section 580d of California Code of Civil Procedure. *Id.* After written discovery and data discovery, parties reached a tentative settlement in a conference with Magistrate Judge Jacqueline Scott Corley. Dkt. No. 49. Plaintiff filed an unopposed motion for preliminary approval, Dkt. No. 56, which the Court granted. Dkt. No. 63.

The final settlement proposes that Chase pay $1.5 million into a non-reversionary settlement fund that will be apportioned pro rata. Dkt. No. 57-1 at 8-14. Class members will receive their checks automatically, and uncollected cash amounts will be allocated towards a

1 second distribution. *Id.* at 14. The settlement fund represents a gross recovery of 118% and a net recovery of 86% after accounting for proposed attorneys' fees and expenses. In addition, defendant will forgo collection of any remaining balance on the settlement class loans. *Id.* at 9. In exchange for this consideration, class members who do not opt out agree to a general release of their claims. *Id.* at 15-16.

The settlement administrator reports that notice has been provided consistent with the proposed settlement agreement and with the requirements of Rule 23(e)(1). Out of 308 class notices mailed, 9 were undeliverable. Dkt. No. 67-1 at 4. No class members have requested exclusion or objected. *Id.* at 5.

For the reasons set out in the Court's preliminary approval order, Dkt. No. 63, the Court finds the proposed final settlement is fair, adequate, reasonable, and satisfies the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3). No objections were received and no class member has asked to opt out, which bolsters the conclusion that the settlement is fair, reasonable, and adequate. *See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575-77 (9th Cir. 2004). The form of notice satisfied due process. Consequently, final approval of the proposed settlement is granted.

The proposed attorneys' fee award of 25% of the settlement fund, which results in a fee enhancement multiplier of 1.7 over class counsel's reported lodestar, Dkt. No. 67 at 9-11, is within acceptable boundaries. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1052 (9th Cir. 2002). Class counsel litigated on a purely contingent basis and achieved on behalf of class members a net monetary recovery of 86% on recoverable payments. Class members also will not be required to pay the remaining balance on their settlement class loans. Although the litigation settled at a relatively early stage, that does not support a lesser fee here. *Vizcaino*, 290 F.3d at 1050 n.5. Notice of the proposed fees was sent to class members in a reasonable manner, class members had opportunities to object, and no objections were made.

Class counsel also seeks $4,068 for litigation expenses and $9,400 for the settlement administrator's expenses. Dkt. No. 67 at 11-12. The Court has reviewed the supporting

declarations of class counsel and the settlement administrator and finds that the costs and expenses for which they seek reimbursement were reasonably necessary to the prosecution of this litigation, were the sort of expenses normally billed to paying clients, and were incurred for the benefit of the class. *See, e.g.*, Dkt. No. 67-3 at 2. Consequently, they are approved.

In the event unclaimed funds remain, the Court approves plaintiff's nomination of Bay Area Legal Aid as the *cy pres* recipient. Bay Area Legal Aid gives free legal assistance to low-income clients in the Bay Area on housing and tenant issues, among other needs. That is consistent with "the nature of the plaintiffs' lawsuit, the objectives of the underlying statutes, and the interests of the silent class members." *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1036 (9th Cir. 2011).

No incentive reward is requested.

## CONCLUSION

The Court grants final approval of the class action settlement, the request for attorneys' fees and costs, the request for the settlement administrator's expenses, and the nomination of Bay Area Legal Aid as *cy pres* recipient. This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the settlement agreement and this order.

**IT IS SO ORDERED.**

Dated: March 1, 2018

JAMES DONATO
United States District Judge