Thomas E. Loeser (SBN 202724)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Tel: 206/623-7292
206/623-0594 (fax)
toml@hbsslaw.com

Peter B. Fredman (SBN 189097)
**LAW OFFICE OF PETER FREDMAN PC**
125 University Ave, Suite 102
Berkeley, CA 94710
Telephone: (510) 868-2626
Facsimile: (510) 868-2627
peter@peterfredmanlaw.com

Tiffany R. Norman (SBN 239873)
**TRN LAW ASSOCIATES**
654 Sacramento Street, Second Floor
San Francisco, CA 94111
Telephone: (415) 823-4566
Facsimile: (415) 762-5490
tiffany@trnlaw.com

*Attorney for Plaintiff GLENN PACHECO,
for himself and persons similarly situated*

**STROOCK & STROOCK & LAVAN LLP**
JULIA B. STRICKLAND (SBN 83013)
CRISTINA A. GUIDO (SBN 292089)
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959
jstrickland@stroock.com
bdiehl@stroock.com
jrees@stroock.com

*Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| GLENN PACHECO, individually, and on behalf of others similarly situated,<br><br>　　　　　Plaintiff,<br>　v.<br><br>JPMORGAN CHASE BANK, N.A. d/b/a CHASE, a National Banking Association,<br><br>　　　　　Defendant. | Case No. 15-cv-05689-JD<br><br>**<u>CLASS ACTION</u>**<br><br>**STIPULATION AND [PROPOSED] ORDER RE FURTHER EFFORTS RE UNCASHED SETTLEMENT AWARDS** |

1

Plaintiff Glenn Pacheco ("Plaintiff") and Defendant JPMorgan Chase Bank, N.A. ("Chase" or "Defendant") (collectively, the "Parties"), by and through their counsel of record, having met and conferred, hereby stipulate and request an order regarding further efforts regarding uncashed Settlement Awards to Settlement Class Member checks, as follows:

**WHEREAS:**

1. On March 1, 2018, this Court granted final approval of the Settlement. (Dkt. No. 73.)
2. Thereafter, the Settlement Administrator mailed Settlement Awards to Settlement Class Members in accordance with the approved initial distribution plan set forth in Section III.G.1 of the Settlement.
3. All uncashed Settlement Awards became void on July 19, 2018.
4. A total of 61 Settlement Awards, totaling $133,882.72, remained uncashed as of July 19, 2018 (out of a total of 308 Settlement Awards totaling $1,111,532.00).
5. The Settlement Administrator determined that only 7 of the uncashed Settlement Awards were "undeliverable" after advanced address searches, meaning the remaining 54 Settlement Awards were theoretically delivered, but remained uncashed.
6. It is unlikely that a Settlement Class Member would knowingly decide not to cash his or her Settlement Award. Approximately half the uncashed Settlement Awards exceed $1,000.
7. Accordingly, Plaintiff asked the Settlement Administrator develop a plan for engaging in further efforts to deliver the uncashed Settlement Awards to the appropriate Settlement Class Member before implementing the second distribution provided for in Section III.G.2 of the Settlement.
8. The Settlement Administrator's proposed plan is attached hereto as **Exhibit A** (the "Plan").
9. In accordance with the Plan, Chase will provide to the Settlement Administrator, on a confidential basis and as available, email addresses and phone numbers for the 61 Settlement Class Members whose Settlement Awards remained uncashed as of July

19, 2018.  Additionally, as the Settlement Administrator deems necessary after implementation of the initial stage of the Plan, Chase will provide to the Settlement Administrator, on a confidential basis and as available, Social Security Numbers for any Settlement Class Member whose uncashed Settlement Award exceeds $200.

10. It is expressly stipulated that:  (1) Chase will <u>not</u> pay any additional monies to the Settlement Fund under any circumstances; (2) Chase's duties under this stipulation and proposed order are expressly limited to supplying the information described in paragraph 9, above; and (3) any and all calls made pursuant to the Plan are not being made on behalf of Chase, nor at its direction.  The Settlement Administrator's additional costs of $4,000 shall be paid for out of the existing Settlement Fund as provided in the Plan.

**THEREFORE:**

The Parties stipulate and respectfully request that the Court approve and order implementation of the Settlement Administrator's Plan attached hereto as Exhibit A.

**IT IS SO STIPULATED:**

Dated: September 5, 2018

| Plaintiff GLENN PACHEO | Defendant JPMORGAN CHASE BANK, N.A. |
|---|---|
| /s/ Peter Fredman | /s/ Cristina A. Guido |
| Peter B. Fredman<br>LAW OFFICE OF PETER FREDMAN PC | Cristina A. Guido<br>STROOCK & STROOCK & LAVAN LLP |

I, PETER FREDMAN, am the ECF User whose ID and password are being used to file this document hereby attest that all signatories concur with this filing. /s/Peter Fredman

**PURSUANT TO STIPULATION,**

**IT IS SO ORDERED.**

DATED: September 26, 2018  _____
The Honorable James Donato
United States District Judge

APPROVED
Judge James Donato

4